UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(1) HARRY TAM a/k/a "Legendary H," )<br>a/k/a "HK", a/k/a Harry Kiahi TAM )<br>)<br>Defendant. )<br>_____)<br>)<br>JADE CHIN, )<br>Petitioner. )<br>) | Criminal No. 21-CR-10350-LTS |

### UNITED STATES' MOTION FOR LEAVE TO CONDUCT DISCOVERY AS TO THIRD-PARTY JADE CHIN'S CLAIMED INTEREST IN A 2020 LEXUS

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), the United States of America, by and through its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, hereby moves for leave to conduct discovery as to third-party petitioner Jade Chin's ("Chin") interest in one white 2020 Lexus RX450H, bearing VIN number JTJHGKFA5L2011348, seized on or about March 23, 2022 (the "Lexus"), which is the subject of a Preliminary Order of Forfeiture. Docket No. 644.

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), "[a]fter disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues." The government has moved to dismiss Jade Chin's claim to $95,450 in United States currency. After resolution of that motion, the government believes it will be necessary to conduct discovery as to Jade

Chin's asserted ownership interest in the Lexus, including, but not limited to, propounding document requests and conducting depositions.

Here, the government submitted unrebutted evidence supporting two bases for the forfeiture of the Lexus, as set forth in the affidavit of Task Force Office Paul Callahan attached to the government's Motion for Preliminary Order of Forfeiture (Docket No. 624).  First, the Lexus was used to facilitate an illegal drug transaction on July 8, 2021.  *See* Docket No. 624-2, ¶¶ 8-12.  Second, the government submitted evidence that the Lexus was purchased with drug proceeds.  The majority of the purchase price of the Lexus was paid for in cash, $35,900, and $27,900 of that amount was paid for in denomination under $100, which based on TFO Callahan's training and experience, is indicative of drug proceeds.  *Id*. at ¶ 8.  Another $19,488 was drawn from a checking account in Defendant's name, and the check showed the Defendant as the purchaser.  *Id*. at ¶ 16.  The Lexus is registered to the Defendant and Jade Chin.  *Id.* at ¶ 8.  The Defendant did not oppose the forfeiture of the Lexus.

Based on this evidence, and the Defendant's guilty plea, the Court found that the United States had established the requisite nexus between the Lexus and the offenses to which the Defendant pled guilty.  Docket No. 644.  It is well established that ancillary forfeiture proceedings are limited to questions of ownership and a third party cannot challenge the determination of forfeitability of property.  *See* 21 U.S.C. § 853(k) (a third party may not challenge a forfeiture order "[e]xcept as provided in [21 U.S.C.§ 853(n)]."); *see also* Rule 32.2 Advisory Committee Notes (an ancillary proceeding "does not involve re-litigation of the forfeitability of property; its only purpose is to determine whether any third party has a legal interest in the forfeited property").[1]

---

[1] Consistent with the forfeiture statutes and advisory committee notes, numerous circuit courts that have considered the issue have held that a third party cannot challenge the determination of forfeitability made in a criminal case in an ancillary forfeiture proceeding.  *See, e.g., DSI Assoc.*

2

Accordingly, Chin's suggestion that the "none of the above items represent criminal proceeds and were not used in connection with any crime" is not a basis to amend the criminal forfeiture order.

There are only two circumstances under which a third party can seek an amendment of a criminal forfeiture order:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the

---

*LLC v. United States*, 496 F.3d at 184–85 (third party cannot challenge the underlying validity of the forfeiture order; it may only assert ownership interests in an ancillary proceeding); *United States v. Hallinan*, 75 F.4th 148, 151 (3d Cir. 2023) ("argument go[ing] to the property's forfeitability [are] beyond the ancillary proceeding"); *United States v. Adams*, 663 F. App'x 269, 272 (4th Cir. 2016) (third parties lack standing to "challenge the validity of the forfeiture determinations" of preliminary orders of forfeiture); *United States v. Holy Land Found. For Relief & Dev.*, 722 F.3d 677, 689-90 (5th Cir. 2013) (agreeing with other circuit courts that "a third party has no standing to challenge a preliminary order's finding of forfeitability") (citations omitted); *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) ("By its plain terms, … § 853(n) does not permit 'relitigation' of the district court's antecedent determination that an item of property is subject to forfeiture. … That determination, rather, is one from which Congress has excluded third parties altogether. Thus, like every circuit to have reached the issue, we hold that third parties lack statutory standing to challenge a district court's determination, in a preliminary order entered under Criminal Rule 32.2(b)(2), that certain property is subject to forfeiture.") (citations omitted); *United States v. Porchay*, 533 F.3d 704, 707, 710 (8th Cir. 2008) (a former codefendant, as a third party, could not relitigate the validity of a forfeitability determination made against another defendant); *United States v. 101 Houseco, LLC*, 22 F.4th 843, 849 (9th Cir. 2022) ("Congress has allowed only two such challenges [to a preliminary order of forfeiture], which do not include a claim that the property was not forfeitable in the first place."); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) ("a third party has no right to challenge the preliminary order's finding of forfeitability"); *Davenport*, 668 F.3d at 1321 (11th Cir. 2012) ("Consistent with the Advisory Committee Notes, at least three of our sister circuits have concluded that third parties, including former codefendants, cannot challenge or relitigate a preliminary order's finding of forfeitability") (collecting cases); *see also United States v. Sanchez*, No. 22-11923, 2023 WL 5844958, at *2 (11th Cir. Sept. 11, 2023) (Because third-party claimants "lack[ ] standing to challenge the validity of [a preliminary order of forfeiture's] determination of forfeitability," court dismisses third-party challenge to preliminary orders of forfeiture for lack of jurisdiction).

3

>>commission of the acts which gave rise to the forfeiture of the property under this section; or
>
>(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6). A third party must establish one of these circumstances by a preponderance of the evidence. *Id.* However, pursuant to 21 U.S.C. § 853(k), "[a]ll right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section." This relation back doctrine means "the United States' interest in the property vests at the time the defendant commits the crime. … Otherwise, a defendant could attempt to avoid criminal forfeiture by transferring his property to another party before conviction." *See, e.g., United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007); *United States v. Emerson*, 128 F.3d 557, 567 n.5 (7th Cir.1997) ("[T]he relation-back doctrine provides that the right, title, and interest in the forfeited property vests in the United States at the time the defendant committed the offense that gives rise to the forfeiture.").[2]

Under this framework, the government believes that it is necessary and desirable to conduct discovery as to Chin's interest in the Lexus, specifically, whether any portion of the purchase price of the Lexus was paid for by Jade Chin from her legitimate earnings. The government requests approximately six months to conduct discovery, commencing after a ruling on the government's Motion to Dismiss Chin's claim to the $95,450 in United States currency.

---

[2] The Lexus was purchased on July 6, 2020. Callahan Aff. ⁋ 14. The Defendant was charged in a drug conspiracy that spanned in or about March 2020 to in or about May 2021. *See* Docket 58 (Indictment).

**Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court grant leave to conduct discovery in connection with the ancillary forfeiture proceedings concerning the Lexus, after the Court rules on the government's Motion to Dismiss Jade Chin's claim to $95,450 in United States currency.

> Respectfully submitted,
>
> JOSHUA S. LEVY
> Acting United States Attorney
>
> By: /s/ *Carol E. Head*
> CAROL E. HEAD
> Assistant United States Attorney
> United States Attorney's Office
> 1 Courthouse Way, Suite 9200
> Boston, MA 02210
> (617) 748-3100
> carol.head@usdoj.gov

Dated: June 27, 2024

## CERTIFICATE OF SERVICE

  I hereby certify that this document filed thought the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing. In addition, on June 27, 2024, the documents will be served via first class mail on Jade Chin, 23 Mansfield St., Allston, MA 02134.

                s/Carol E. Head
                CAROL E. HEAD
                Assistant United States Attorney