UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>VINCENT DUONG, )<br>)<br>Defendant. )<br>) | Case No. 21-cr-10350-LTS-7 |

ORDER ON MOTION TO REDUCE SENTENCE (DOC. NO. 696)

July 10, 2024

SOROKIN, J.

Vincent Duong seeks an order reducing the federal sentence he is presently serving, citing an amendment to the United States Sentencing Guidelines he says favorably alters the recommended sentencing range that applies to his case. Doc. No. 696. Having reviewed the record, the Court finds no response by the government is necessary and DENIES the motion.

On July 13, 2023, Duong pled guilty to two federal offenses set forth in a Superseding Information. Doc. Nos. 410, 411, 412. One of the offenses was possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Doc. No. 410 at 3. The Court sentenced Duong on January 19, 2024, to ten years' imprisonment followed by four years of supervised release, and judgment entered thereafter. Doc. Nos. 565, 567. Duong did not appeal.

Now, in a motion filed on his own behalf, which this Court construes liberally, Duong seeks a reduction in his sentence. He invokes 18 U.S.C. § 3582(c)(2) and urges that he should receive the benefit of a new provision to the Sentencing Guidelines (§ 4C1.1), which provides a two-level decrease in offense level for certain defendants with no criminal history points. Doc.

No. 696 at 1-2.  However, a review of the record, including the Presentence Investigation Report ("PSR") prepared in connection with his plea and sentencing, demonstrates that Duong is ineligible for a sentence reduction for two reasons.

First, Duong was sentenced after the new Guideline took effect.  His PSR applied the 2023 Guidelines Manual, including all amendments in effect in January 2024 when the PSR was finalized.  In other words, the advisory sentencing range the Court applied in this case was calculated using a version of the Manual that incorporated the new zero-point offender Guideline.  Duong cannot now obtain a reduced sentence via 18 U.S.C. § 3582(c)(2), because the "sentencing range" upon which his term of imprisonment was based has not "subsequently been lowered by the Sentencing Commission."

Second, Duong does not satisfy the prerequisites for application of the zero-point offender Guideline.  Though he correctly notes he "did not have any previous criminal history points," Doc. No. 696 at 2, a person must satisfy all ten criteria listed in § 4C1.1 to qualify for the decrease in offense level it describes.  U.S. Sent'g Guidelines Manual § 4C1.1(a) (Nov. 2023 Update).  One requirement is that "the defendant did not possess . . . a firearm . . . in connection with the offense."  Id. § 4C1.1(a)(7).  Having admittedly possessed a firearm in connection with the drug trafficking conspiracy charged in this case, Duong did not—and does not—qualify for the adjustment to his offense level provided by § 4C1.1.

Accordingly, Duong's motion to reduce sentence (Doc. No. 696) is DENIED.

SO ORDERED.

　/s/ Leo T. Sorokin　　　　　　　
United States District Judge