United States District Court
District of Massachusetts

United States of America

v.

Case No: 21-CR-10350-LTS

Harry Tam (Defendant)

FILED IN CLERKS OFFICE
2025 MAY -8 PM 12:50
U.S. DISTRICT COURT
DISTRICT OF MASS.

Response to United States' Opposition to Defendant's motion to Vacate[1] and its reply brief in support of its motion for summary judgement [2]

I   Comes Now the Defendant, Harry Tam, who respectfully wishes to reply to the Government's Opposition, Doc. 813, filed on 04/28/2025. This Defendant hopes that This Court may consider that being denied due to "technicalities" that no regular citizen could reasonably know without extensive schooling and experience is not something that Jade Chin nor I could realistically overcome. Also, that it is unfair and not within the spirit of our Constitution. To do so solely on "technicalities" seems like a huge miscarriage of justice and an enabling of the Government's bullying tactics that I pray your Honor is not willing to carry out. Simply put, we — Jade Chin and I — truly did not know, and could not comply with the rules, deadlines, time bars, etc. in which the governments seems to rely on because neither of my attorneys who represented me provided the proper and/or effective advice in which my family and I could have relied on. For Instance, I did not know that a Preliminary Order of forfeiture Judgement was entered on the

day after my sentencing; I do not know why my Attorney, Kevin Barron, did not offer objection or challenge any portion of the Government's Motion for Summary Judgement; I have no idea why my counsel failed to provide me with ECF details that referenced the forfeiture of the Lexus, which caused me to lose my opportunity to object; and so on.

To deny either of our claims, and take away our rightful property because of these objections from the Government over technicalities is against what our Founding Fathers wished for us Americans and just seems like an extreme abuse of the powers entrusted upon them by the citizens. These are not within the spirit of our Constitution, Your Honor, and I just don't see how any average person — including Jade and I — could ever expect to get a fair chance at fighting for our rightful claims. So, it is with high hopes that the Honorable Judge does not penalize us for this fact. Defendant's motion to vacate the Preliminary Order of forfeiture, if Jade Chin's 3rd party claim is denied, so that this Defendant may exercise his right to argue his stake and object to the Government's numerous misrepresentation of the facts should be GRANTED.

II   The Government's Summary Judgement Motion should be DENIED

The Government continues to gloss over the fact that this Defendant maintained a legitimate job — earning well over 6 figures — for several years. Instead, it suggests that I could only have purchased the Lexus with drug proceeds or

what it refers to as "commingled funds". This is simply untrue. My family had the means to purchase this vehicle and live a luxurious lifestyle with my career salary earnings alone. Yet, we decided to live an unextravagant lifestyle. To request a complete forfeiture of the Lexus because I went on a "drug binge" or because Jade "suspected I may have been dealing drugs as early as 2019" is unfounded and outright bullying. I did not deal drugs in the Lexus, and nowhere in the evidence is there proof that this ever occurred. There were DEA 6 reports that showed I may have engaged in criminal activity in my Silverado, Jeep, and other vehicles — yet, none of these other vehicles were ever seized or forfeited. This should call into question the true intentions of the Government's seizure of the Lexus.

   The Government argues against Petitioner, Jade Chin, referencing Ahern v. Shinseki, 629 F. 3d 49 (1st Cir, 2010) that a "properly supported summary judgement motion cannot be defeated by relying on conclusory allegations, improbable inferences, acrimonious invective, or rank speculation". Yet, this is exactly what the Government has provided the Court by assuming that the Lexus could only have been purchased with illegal drug proceeds and/or "commingled funds"... rather than hard earned money and family cash savings. The Government has proffered no theory to the Court on how my family must have spent the legitimate 6-figure salary and monetary gifts; if not for the purchase of a family vehicle.

Furthermore, the government argues that the Court already found that "the Lexus was used to facilitate drug deals and proceeds were used to purchase the Lexus". This is exactly the type of objection I was not afforded or given the opportunity to argue in Court due to ineffective Counsel. Had I been provided the effective Counsel in which I needed, argument would have been made that the SOI in which investigators relied upon never agreed that a drug deal was facilitated. The evidence does not support the theory that I used the Lexus for any criminal activity as it pertains to the conspiracy in which I was charged and sentenced. Using drugs and "going on binges" is not the criminal conduct by which the government charged me with, nor should it provide plausible reason in which to seize and forfeit a family asset. Again, this Defendant wishes to reference to the fact that the criminal conduct by which he was charged were conducted while using the Silverado, Jeep Wrangler, and other various vehicles. The Government cannot dispute this, yet they choose only to seek forfeiture on the vehicle LEAST mentioned in its DEA 6 reports.

In regards to the Governments argument that the Bank of America account was in my name only, The government fails to acknowledge that this does not mean this account was solely mine. In fact, Jade had her own cards and she was listed as an approved cardholder and user. This account was created before my relationship commenced with Jade, and prior to my move to Boston. The fact that I never got around to formally adding her name as a joint holder should not take away from the fact that she had

equal access and interest in it. This defendant has not shied away from referring to Jade Chin as his spouse. We filed taxes jointly. By California law (by which this Defendant is most familiar) we would be considered common-law husband and wife, therefore, legitimately married. Everything I ever earned while working was considered equally hers, and I would never deny her this right. The Government continues its bullying tactics by suggesting that Jade was penniless because she was an unemployed "stay-at-home-mother". I find this accusation and assumption grossly distasteful and disagree wholeheartedly with the Government's low-blows. Instead, I offer this Court my own insight and values: that stay-at-home-mothers are a more necessary and critical function in this American society, and, perhaps, even more important than any other job. Especially to those who claim family nucleaus as most valuable, and foremost. Jade being the primary caretaker was by choice, and her sacrafice is what gave me the opportunity to work full-time and be successful in my career. 50% of my earnings is not even enough to compensate her hard work and sacrafice. In other words, had I paid a professional to do the same tasks that were performed by Jade on a day-to-day basis, it would have surely costed me more than 50% of my salary. So, in the same sense that the government "calculates" her interest in the Lexus as 4%, I suggest and "calculate" that her interest in all the savings and checking accounts to be minimally 50-60%. Respectfully, this Defendant calls out the Government for their demeaning and disrespectful

accusations that border on ridiculing Jade's hard work. And its insinuations that Jade could not afford - Nor have the means to own anything - or access these accounts with the same amount of ownership, and interest is just, improper. I pray that your Honor agrees that these accounts were rightfully, and equally, hers. My earnings are also equally hers by default and rights of being my spouse in this family nucleus and, therefore, the Lexus also rightfully hers.

The Government's argument that P2P cash transfers were solely from drug customers also fails. This Defendant would like to ask a question: why weren't any of his bank accounts seized if suspected drug funds were being deposited? The facts are that I managed a very successful and busy auto repair shop. Bonuses were paid by the franchise, vendors, incentives, etc. Side jobs did happen. Not only that, but there were those customers who paid in forms of Cash App, Venmo, PayPal, etc. These forms of payment could not be entered into the payment system without me accepting them as a 3rd party and then transferring to my bank for a later cash withdrawal. Again, the Government is stretching the facts in order to favor themselves and glossing over the fact that this Defendant did maintain a successful and profitable business for several years.

Also, a considerable amount of time was spent insinuating that my mother, Yim Lee's, letter may be inauthentic. I believe it has been clear - through previous wiretap recordings that my mother's English is limited and that she requires

assistance in writing English documents. Nonetheless, this Defendant offers the Court and the Government her phone number so they may ask her whatever questions as they need — 916-220-1983. My sister, Frances Ai, who assisted her with the writing of letters and emails, as well as managing of certain accounts may also be reached at 408-506-9380. My family has been victimized by my addictive behavior and also the bullying of the government; but in no manner do any of them need to lie or fabricate details in order to fight for what is rightfully ours. None of them have committed crimes and the government has no right to assume the worst in others merely because they have a license to lie at will and plentiful of resources by which to make it impossible for real justice to occur. Emphasizing that my mother gifted me — "and me [Tam] alone" — is another instance of the Government manipulating and misrepresenting facts to bend in their favor. The fact is that the gift was for our family. I hope that this Court can agree that it would sound rather petty and vindictive for my mother to make such a statement as "these funds and gifts are for Harry only". Especially given that it is undisputed that Jade and I were separated temporarily at the time and my mother hoped this "gift" would be a peace offering to bring us back together. This kind of peace offering is not uncommon, even in American culture. The government painting a picture to make it seem like anything else should be likened to an extremely petty bully who would

simply say anything to hold on to something they took from another because they don't want to give it back. This Court should not enable this behavior that has been going on for far too long, not just in this case... but many others. This is a well known injustice and all caselaw research on the matter have shown efforts to battle this fact have been futile. This Defendant prays that Your Honor will agree.

It is also hoped that Your Honor is not moved by the government's incessant argument that "there is no way to be sure the cash given was the same cash used to purchase the Lexus". The same argument can be turned around and used against them, in that they also cannot prove ANY of the cash or Bank saving was derivative of drug proceeds. Which is likely the reason the accounts were never seized. This is not enough to take away a family's property and/or assets because these accusations are merely based on whims and speculation.

Another argument that the Government makes - via the undisputed "30 years of experience" of TFO Paul Callahan - is that "smaller denominations of currency are indicative of drug proceeds". This is to suggest that only drug dealers possess $20's, $10's, and so on. However, this same TFO also suggested that $100's and large denominations of currency to be indicative of drug proceeds when arguing about the seized $95,450 in cash. If the TFO and the government had their way, ALL cash in existence would be indicative of drug proceeds... This argument should not even be given any consideration, it

is outlandish and far-fetched.

### III. Conclusion

Jade Chin did put forth specific facts to establish she has cognizable interest in the Lexus, the Government just does not want to accept it. Instead, it rather punish my family further when they have already suffered more than they should have. This defendant does not deny the bad choices he has made, and he has rendered the consequences of those choices with a lengthy prison sentence. The struggle to fight for our property has been time consuming, exhausting, and downright frustrating. I pray your Honor will do the just and graceful thing by Approving Jade Chin's 3rd party claim to the Lexus. If not, then Approve this Defendant's motion to vacate the Preliminary Order of Forfeiture so he may exercise his right to stake his claim and argue the government's many misrepresentations. In the case that your Honor denies both requests, this Defendant respectfully requests an appeal to the appellate court.

Respectfully Submitted,

Harry Tam 78580-509
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

Date: 5/2/2025